UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1)     JULIE KIER,                               ) | |
| Plaintiff,             ) | |
| v.                                                     ) | Case No.: 16-cv-370-JED-PJC |
|   ) | (*formerly Delaware County District* |
| 1)     ROSEANNE C. LOWERY,       ) | *Court, Case No. CJ-2015-200*) |
| an individual, and                      ) | |
| 2)     PROGRESSIVE INSURANCE     ) | |
| COMPANY [SIC],                         ) | |
| a foreign Insurance Company,     ) | |
| Defendants.           ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Northern Insurance Company ("Progressive Northern")[1], the real party defendant in interest, hereby removes the above-captioned action from the District Court of Delaware County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-7**.

The removal of this case to federal court is based on the following:

---

[1] Progressive Insurance Company ("Progressive") is a non-existent entity. Plaintiff was insured through a policy issued by Progressive Northern Insurance Company. (*See* ¶ 2, *infra*.) Thus, as discussed below, Progressive Northern Insurance Company, the real party defendant in interest, may remove this case before it is named as a defendant.

## ALLEGED FACTUAL BACKGROUND

1. Plaintiff, Julie Kier, ("Plaintiff"), alleges she purchased a 2006 Buick Rendezvous, VIN #3G5DB03L56S509608 (the "Vehicle"), from Defendant Roseanne C. Lowery ("Lowery"), on or about November 5, 2013. (*See* Petition, ¶ 4, **EXHIBIT 2**.)

2. Subsequently, Plaintiff procured an automobile insurance policy from Progressive Northern, Policy No. 901932836. That policy provided comprehensive and collision coverage for the Vehicle. (*See* Declarations Page, Progressive Northern Insurance Company, Policy No. 901932836, **EXHIBIT 8**.)

3. Plaintiff claims that after purchasing the Vehicle, she learned that it had a defective transmission and that Lowery knew of the defective/faulty transmission prior to selling the Vehicle. Plaintiff further claims that when the defective/faulty transmission was brought to Lowery's attention, Lowery agreed to repair the transmission but failed to do so. (*See* Petition, ¶ 7, **EXHIBIT 2**.)

4. According to Plaintiff, on or about December 17, 2013, while operating the Vehicle, she was involved in a single car automobile accident with a deer. That accident occurred at or about 4835 St. Highway 20, near Spavinaw, Oklahoma. (*See* Petition, ¶ 8, **EXHIBIT 2**.)

5. Plaintiff alleges she submitted a claim to her insurer, "Progressive," and the Vehicle was towed to a storage and impound facility approved by "Progressive." Plaintiff asserts that the Vehicle was declared a total loss and that the loss value, less deductible, was determined to be $3,058.87. (*See* Petition ¶ 8, **EXHIBIT 2**.)

6. According to Plaintiff, after the Vehicle was declared a total loss, Lowery suborned "Progressive" into releasing the Vehicle to her and tendered payment for the loss to Lowery "in

derogation of the rights and title of their insured[.]" Plaintiff further claims that "Progressive" "failed or neglected to issue a 'Salvage Title'" for the Vehicle. (*See* Petition, ¶¶ 9-13, **EXHIBIT 2**.)

7. Plaintiff also claims that Lowery, after taking possession of the Vehicle, refused to surrender the Vehicle, the license tag and various other items of personal property to Plaintiff. (*See* Petition ¶ 13, **EXHIBIT 2**.)

### PROCEDURAL HISTORY

8. On November 5, 2015, Plaintiff filed suit against Defendants in the District Court for Delaware County, State of Oklahoma. (*See* Petition, Delaware County Case No. CJ-2015-200, **EXHIBIT 2**.)

9. Plaintiff's Petition asserts a total of seven causes of action against Defendants. (*See* generally Petition, ¶¶ 14-19, **EXHIBIT 2**.)

10. Plaintiff's first cause of action is against Lowery for breach of the sales contract entered into between Plaintiff and Lowery. Plaintiff claims that Lowery has denied Plaintiff her rightful possession and use of the Vehicle. Plaintiff seeks damages in excess of $10,000.00 for her breach of the sales contract claim. (*See* Petition, ¶ 14, **EXHIBIT 2**.)

11. Plaintiff's second cause of action is against Lowery for conversion. Plaintiff claims that Lowery has converted Plaintiff's rightful possession of the Vehicle, her license tag and other items of personal property. Plaintiff seeks damages in excess of $10,000.00 for her conversion claim. (*See* Petition, ¶ 15, **EXHIBIT 2**.)

12. Plaintiff's third cause of action is against Lowery for breach of the expressed warranty of merchantability. Plaintiff claims that Lowery represented the Vehicle was in "good working order" knowing that the Vehicle had been in a wreck and that the Vehicle had a defective/faulty

transmission. Plaintiff seeks damages in excess of $10,000.00 for her breach of the expressed warranty of merchantability claim. (*See* Petition, second ¶ 15, **EXHIBIT 2**.)

13. Plaintiff's fourth cause of action is against Lowery for punitive damages. Plaintiff seeks damages in excess of $10,000.00 for her punitive damages claim against Lowery. (*See* Petition, ¶ 16, **EXHIBIT 2**.)

14. Plaintiff's fifth cause of action is against "Progressive" for breach of contract. Plaintiff seeks damages in excess of $10,000.00 for her breach of contract claim. (*See* Petition, ¶ 17, **EXHIBIT 2**.)

15. Plaintiff's sixth cause of action is against "Progressive" for the breach of the implied duty of good faith and fair dealing ("bad faith") for "Progressive's" alleged failure to notify, or confirm with Plaintiff, that the statements Lowery made concerning her lien rights were accurate. Plaintiff seeks damages in excess of $10,000.00 for her bad faith claim. (*See* Petition, ¶ 18, **EXHIBIT 2**.)

16. Plaintiff's seventh cause of action is against "Progressive" for punitive damages. Plaintiff seeks damages in excess of $10,000.00 for her punitive damages claim against "Progressive." (*See* Petition, ¶ 19, **EXHIBIT 2**.)

17. On May 27, 2016, Plaintiff moved for and received an extension of time to serve Defendants. (*See* Motion for an Order to Extend Service Time, **EXHIBIT 6**; Order for Extension of Service Time, **EXHIBIT 7**.)

18. On June 1, 2016, Plaintiff purportedly obtained service on "Progressive" by serving the Oklahoma Insurance Commissioner with this lawsuit. The Summons and Petition eventually made its way to Progressive Northern.

19. To date, Plaintiff has not obtained service on Lowery. (*See* ODCR Docket Sheet, **EXHIBIT 1**.)[2]

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

20. "'Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

21. At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally* Petition, **EXHIBIT 2**.)

22. However, as of the moment Plaintiff filed her lawsuit, there existed diversity jurisdiction. As shown below, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction. It is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

23. Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma. (*See* Petition, ¶ 1, **EXHIBIT 2**; Declarations Page for Progressive Northern Policy No. 901932836, **EXHIBIT 8**.) Plaintiff was not a citizen of the State of Missouri, Wisconsin or Ohio. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing).

---

[2]On June 15, 2015, prior to filing this removal, a representative from Progressive Northern's counsel's office contacted the McDonald County, Missouri Sheriff's Department, which Plaintiff tasked with serving Lowery, to determine whether Lowery had been served. The Sheriff's Department confirmed service had not been obtained.

5

24. Upon information and belief, at the time of filing, Lowery was a resident and citizen of the State of Missouri. (*See* Petition, ¶ 2, **EXHIBIT 2**; Summons, **EXHIBIT 3**; Motion for an Order to Extend Service Time (stating a professional skip locator hired by Plaintiff to find Lowery confirmed that Lowery resided in Missouri), **EXHIBIT 6**.) Lowery was not a citizen of the State of Oklahoma. *See Grupo Dataflux,* 541 U.S. 567.

25. Plaintiff's Petition names Progressive Insurance Company, as the defendant insurer. However, Progressive Insurance Company is a non-existent entity. Thus, the Court may properly disregard Progressive Insurance Company for purposes of complete diversity of citizenship. *Davis v. OneBeacon Ins. Group.*, 721 F.Supp.2d 329, 337 (D.N.J. 2010) ("'[A] defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, **nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship**.'" *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, 2009 WL 4506298, at *2, 2009 U.S. Dist. LEXIS 110706, at *4 (S.D. Ill. Nov. 26, 2009). Because the court concludes, based on the record before it, that OneBeacon is a non-existent entity, removal to this Court need not depend upon OneBeacon's participation, consent or citizenship." (emphasis added)); *See also Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 900 (5th Cir. 1975) (noting that district court denied motion to remand because named defendant "was only a trade name and not a legal entity"); *Schwartz v. CNA Ins. Co.*, 1:04CV1749, 2005 WL 3088570, at *4 (N.D. Ohio Nov. 17, 2005) (denying motion to remand because named defendants were trade names for conglomerate of insurance companies and real parties in interest were insurance companies identified in insurance contracts).

26. Plaintiff's insurance policy was issued by Progressive Northern. (*See* Declarations Page for Progressive Northern Policy No. 901932836, **EXHIBIT 8**.) Accordingly, Progressive

6

Northern is the "real party defendant in interest." *See Schwartz*, 2005 WL 3088570, at *4 ("[T]he contracts of insurance unequivocally identify the insurers as Pacific, Great Northern and Transcontinental. Therefore, it is clear the real parties in interest are Pacific, Great Northern, and Transcontinental[.]"); *Hillberry v. Wal-Mart Stores East, L.P.*, CIV.A.3:05CV-63-H, 2005 WL 1862087, at *2 (W.D. Ky Aug. 3, 2005)("'A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined.'" (quoting *Rose v. Giamatti*, 721 F.Supp. 906 (S.D. Ohio 1989)).

27. As the United States Court of Appeals, Second Circuit recently explained:

> The real party defendant in interest is not only entitled to remove, but, if it seeks removal, it must act promptly because the 30–day interval in which it is permitted to do so, *see* 28 U.S.C. § 1446(b) (2013), begins when it is "on notice that the wrong company defendant has been named." *Hillberry*, 2005 WL 1862087, at *1; *see Ware v. Wyndham Worldwide Inc.*, Civ. No. 09–6420, 2010 WL 2545168, at *2 (D.N.J. June 18, 2010) (30–day interval started when real defendant accepted service of complaint, although complaint named non-existent entity).
>
> The unstated premise of all of these decisions, with which we fully agree, is that the concept of a "real party defendant in interest" is not only entirely valid, it is an important aspect of removal jurisprudence, despite the absence of the phrase from Rule 17 or elsewhere in the Federal Rules of Civil Procedure.

*La Russon v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96-97 (2d Cir. 2014).

28. For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

29.     At the time of filing, Progressive Northern, the real party defendant in interest, was a foreign corporation, incorporated under the laws of the State of Wisconsin with its "nerve center" or "principal place of business" in Ohio. (*See* Annual Statement of Progressive Northern Insurance Company, **EXHIBIT 9**.) Thus, Progressive Northern was deemed to be a citizen of the States of Wisconsin and Ohio. Progressive Northern was not a citizen of the State of Oklahoma.

30.     As Plaintiff and Defendants are citizens of different states, the complete diversity requirement of 28 U.S.C.§ 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

31.     Diversity jurisdiction also requires the amount in controversy to exceed $75,000.00. *See* 28 U.S.C. § 1332. This requirement is also met.

32.     Plaintiff's Petition, on its face, places in excess of $70,000.00 at issue.[3] However, it is well recognized that a plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan v. Gay*, 471 F.3d 469, 477 (3d Cir. 2006). In *Dart Cherokee Basin Operating Co., LLC v. Owens*, the Unites States Supreme Court held that "a defendant's notice of removal need

---

[3]Plaintiff's Petition does not comply with Oklahoma's Pleading Code. Title 12 O.S. § 2008 provides in pertinent part:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code, except in actions sounding in contract. **Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.**

12 O.S. § 2008(2) (emphasis added).

only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."135 S.Ct. 547, 553 (2014); *see also Coco-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1285 (D.Kan. 2002); *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed.Appx. 775, 776 (10th Cir. September 8, 2005) (unpublished) (stating removal is proper if the defendant identifies "allegations in the petition establishing the amount in controversy or 'set forth in the notice of removal itself, the '*underlying facts*' supporting [the] assertion that the amount in controversy exceeds $50,000.00 [now $75,000.00].'").

33.     As the United States District Court for the Western District of Oklahoma has explained, "the United States Supreme Court made it clear that 'a defendant's notice of removal need include only a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain any evidentiary submissions." *Whisenant v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514 at *2 (W.D. Okla. Jul. 1, 2015); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) ("It is seemingly simple for plaintiff to state that she seeks damages in excess of, or not in excess of, the amount required for diversity jurisdiction, as she was statutorily required to do under Okla. Stat. Tit. 12, §§ 2008 and 2009, but she has not done so.").

34.     If the plaintiff contests the defendant's allegation concerning the amount in controversy, "28 U.S.C. § 1446(c)(2)(B) instructs that '[R]emoval is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)).  When a plaintiff challenges the amount in controversy alleged by the defendant, "both sides submit proof and the court decides" whether the requirement has been satisfied. *Id.* at 554.

9

35. In addition to the $70,000.00 sought for her seven causes of action, Plaintiff's Petition also demands an award of attorney fees. An award of attorney fees is allowed under 36 O.S. § 3629. As the United States District Court for the Northern District of Oklahoma has explained:

> In the notice of removal, defendant states that plaintiff requests attorney fees and under Okla. Stat. tit. 36, § 3629, an award of attorney fees is mandatory if plaintiff prevails on his claim for breach of insurance contract. Attorney fees may be considered as part of the amount in controversy when an award of attorney fees is mandatory under state law. *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1214, 1218 (10th Cir. 2003).

*Lindley v. Life Investors Ins. Co. of Am.*, 08-CV-0379-CVE-PJE, 2008 WL 4525423, at *5 (N.D. Okla. Oct. 2, 2008). Here, it is not inconceivable for Plaintiff to incur attorney fees in excess of $5,000.00 in the pursuit of her breach of contract and bad faith claim. Thus, Plaintiff's demand for attorney fees places at least an additional $5,000.00 at issue.

36. Although Plaintiff's Petition does not explicitly state she is seeking in excess of $75,000.00, it is clear that the amount in controversy exceeds that required for diversity jurisdiction. As the Court is well aware, awards in lawsuits for unspecified amounts of damages, when concerning bad faith claims, frequently exceed the sum and value of $75,000.00, exclusive of interest and costs.

37. Moreover, Plaintiff requests punitive damages against both defendants. (*See* Petition, ¶¶ 16 & 19, **EXHIBIT 2**.) When punitive damages are alleged, the Court may consider those damages in determining whether the requisite amount in controversy exists. The Seventh Circuit has explained:

> [w]here punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the

10

>plaintiff would under no circumstances be entitled to recover the jurisdictional amount."

*Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *See also Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Woodmen of World Life Ins. Soc'y v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that under a specific Georgia punitive damages statute it was possible for a jury to award an amount above the minimum amount in controversy requirement, and therefore, federal jurisdiction existed); *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir. 1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional amount."); *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408 at *3 (W.D. Okla. Nov. 16, 2009); *Flowers v. EZPawn Okla., Inc.*, 307 F.Supp.2d 1191, 1198 (N.D. Okla. 2004).

38.   Punitive damages have been alleged and are allowed by state law. *Wagoner v. Bennett*, 814 P.2d 476, 481 (Okla. 1991) ("Punitive damages are permissible in a common law conversion action.")' *Shipman v. Craig Ayers Chevrolet, Inc.*, 541 P.2d 876, 880-87 (Okla. Ct. App. 1975); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1105 (Okla. 2005) ("As applicable to this case, 23 O.S. 2001, § 9.1 provides that a jury may award punitive damages if it finds, by clear and

convincing evidence, that an insurer has reclessly disregarded its duty to deal fairly and act in good faith with its insured [§ 9.1(B)] or an insurer has intentionally and with malice breached said duty. § 9.1(C)(2).") Therefore, as stated in *Del Vecchio*, the question is whether "it is clear beyond a legal certainty that the plaintiff would **under no circumstances** be entitled to recover the jurisdictional amount." 230 F.3d at 978 (emphasis added, internal quotations omitted). The answer to this question *must* be no.

39. In Oklahoma, punitive damages are controlled by statute. *See* 23 O.S. § 9.1. There are three categories of punitive damages. Each category increases the amount a plaintiff can potentially recover. Plaintiff's Petition alleges facts that implicates at least Category I Punitive Damages. Category I punitive damages allows a jury upon finding that "the defendant has been guilty of reckless disregard for the rights of others" to award punitive damages in an amount not to exceed the greater of $100,000.00, or the amount of actual damages awarded. 23 O.S. § 9.1(B).

40. This Court's recent Order in *Singleton v. Progressive Direct Insurance Company*, 49 F.Supp.3d 988 (N.D. Okla. 2014), is particularly instructive. In that case, the plaintiff was involved in an automobile accident and sought UM/UIM benefits from her insurer. The plaintiff submitted a claim to her insurer and demanded policy limits. *Id.* at 990. After investigating and evaluating her claim, the plaintiff's insurer tendered the policy limits of her UM/UIM coverage. *Id.* Despite the tender of policy limits, the plaintiff filed a petition in Tulsa County District Court alleging claims for breach of contract and bad faith. *Id.* The plaintiff also sought punitive damages. As in this case, the plaintiff did not make a demand for a specific sum. *Id.* Instead, the plaintiff alleged that she suffered damages in excess of $10,000.00. *Id.*

41. When the plaintiff continued to pursue her claims against her insurer, the insurer timely removed the action to this Court. The insurer asserted the plaintiff's policy limits demand

12

combined with her request for punitive damages demonstrated to a preponderance of the evidence that she sought to recover in excess of $75,000.00. *Id.* at 993. The plaintiff moved to remand the case. The Court denied the plaintiff's motion. *Id.* at 993-94. In doing so, the Court concluded:

> Considering the petition and notice of removal together, the court finds that [the insurer] has not merely offered a "conclusory statement" involving punitive damages, but has affirmatively established that the amount in controversy exceeds the jurisdictional limit. Where [the plaintiff] asked for actual damages exceeding $10,000, a punitive damages award of $65,000 or more would reach the jurisdictional threshold. This would require no more than a single-digit ratio of punitive damages to actual damages, even after [the insurer] deflated the denominator with a $100,000 payment just prior to the initiation of this action. [The plaintiff's] petition, meanwhile, alleges that [the insurer] failed to properly investigate her claim, delayed payments or withheld them altogether, and used its unequal bargaining position to overwhelm and take advantage of her, though it knew that she was entitled to receive $100,000 in UIM benefits under her policy. **These allegations supply the required facts supporting [the insurer's] assertion that <u>the value of [the plaintiff's] claim for punitive damages</u> exceeds the amount required to surpass the jurisdictional threshold.**

*Id.* at 994 (emphasis added).

      42.      Here, as in *Singleton*, Plaintiff asserts claims for punitive damages. Also like the plaintiff in *Singleton*, it appears Plaintiff has attempted to avoid this Court's jurisdiction by alleging damages in an undisclosed amount. However, as this Court is well aware, at trial, Plaintiff clearly intends to seek damages in excess of $75,000.00. *See Murchinson v. Progressive Northern Insurance Co.*, 564 F.Supp 2d 1311, 1316 (E.D. Okla. 2008) ("[M]any cases are just like this one: the plaintiff *knows* the amount sought exceeds $75,000.00. The defendant *knows* the amount sought exceeds $75,000.00. The court *knows* the amount sought exceeds $75,000.00. The court *knows* that the parties themselves know it.")

43. Progressive Northern not only submitted a short and plain statement with a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, Progressive Northern demonstrated that Plaintiff believes her claim has a value in excess of $75,000.00 and Plaintiff *could* recover in excess of $75,000.00. Therefore, the amount in controversy is also met.

### **REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE**

44. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court. Plaintiff purportedly served "Progressive" with this lawsuit on June 1, 2016. *See also La Russo*, 747 F.3d at 96 ("[T]he 30-day interval in which it is permitted to [seek removal], *see* 28 U.S.C. § 1446(b)(2013), begins when it is 'on notice that the wrong company has been named.' *Hillbery*, 2005 WL 1862087,at *1; *see Ware v. Wyndham Worldwide Inc.*, Civ. No. 09-6420, 2010 WL 2545168,at *2 (D.N.J. June 18, 2010).") As such, 30 days have not elapsed since this action became removable to this Court. Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on November 5, 2015, **EXHIBIT 2**.)

45. Next, federal statute requires that none of the parties served as defendants be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b). As shown above, Defendants are not a citizens of the State of Oklahoma, the state in which this action was brought.

46. This action has been removed to the proper Federal District Court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). Currently, this action is pending in the District Court of Delaware County, State of Oklahoma. The Northern District of Oklahoma includes the County of Delaware County. *See* 28 U.S.C. § 116(a). Therefore, removal to this Court is proper.

47.     Finally, pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined **and served** must join in or consent to the removal of the action." (emphasis added). Service on Lowery has not been obtained. (*See* ¶ 18, *supra*.)  Thus, Lowery's consent is not required.

48.     Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive Northern has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Delaware County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Northern Insurance Company, the real party defendant in interest, removes this action from the District Court in and for Delaware County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:    405-606-3334
**ATTORNEYS FOR PROGRESSIVE NORTHERN INSURANCE COMPANY, REAL PARTY DEFENDANT IN INTEREST**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Charles J. Brackney, Esquire

I hereby certify that on June 21, 2016, I served the same document by U.S. Mail on the following who is not a registered participant of the ECF system:

Ms. Caroline Weaver, Court Clerk
Delaware County
Post Office Box 407
Jay, Oklahoma 74346

                                                              s/ Brad L. Roberson
                                                              For the Firm